J-S30016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TYYA M. BARNES | |
| Appellant | No. 1918 MDA 2016 |

Appeal from the Judgment of Sentence June 12, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002483-2013

BEFORE:  SHOGAN, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 26, 2017**

Appellant, Tyya M. Barnes, appeals from the judgment of sentence of life imprisonment, imposed June 12, 2014, following a jury trial resulting in his conviction for second degree murder, robbery, conspiracy, and firearms not to be carried without a license.[1]  Additionally, Appellant's counsel, Caleb K. Shreve, Esquire, seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 87 S. Ct. 1936 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We deny counsel's petition to withdraw and remand for the filing of a proper **Anders** brief or a merits brief.

---

[1] **See** 18 Pa.C.S. §§ 2502(b), 3701(a)(1), 903, 6106(a)(1), respectively.

On March 4, 2013, Iliana Luciano drove Courtney Jackson, her boyfriend, to meet with an acquaintance in Harrisburg, Pennsylvania. *See* Notes of Testimony (N.T.), 6/9/14 – 6/12/14, 25, 29-31. Unbeknownst to her, Mr. Jackson was meeting Layton Potter to sell him drugs. *Id.* at 29-31, 235-39. After approximately an hour and one-half of no contact, Ms. Luciano attempted to call Mr. Jackson approximately fifteen times. *Id.* at 33-35.

Mr. Potter met Mr. Jackson twice that night, the last time around 8:00 p.m. *Id.* at 240-245. At that time, he observed Appellant and Shane Holloway across the street. *Id.* at 248-49. Mr. Jackson indicated to Mr. Potter that he was going to conduct a drug transaction with Appellant and Mr. Holloway, but he first took Mr. Potter home. *Id.* at 250-51. Mr. Potter advised him not to make the sale, and the two men parted. *Id.* at 260-62.

Between 8:00 p.m. and 8:30 p.m., a bystander discovered Mr. Jackson lying face down in the alleyway near the corner store, covered in blood, without a pulse, and foaming from the mouth. *Id.* at 175-76. Mr. Jackson's hands were outstretched, as if he had been running away. *Id.* at 176, 181-82. Near Mr. Jackson's body, a cell phone rang repeatedly. *Id.* at 181-82. He had been shot eight times in the chest, arm, and back. *Id.* at 61-63, 81-91.

Police recovered fired shell casings from a .40 caliber and .25 caliber gun. *Id.* at 448-49. Police officers also recovered Mr. Jackson's cell phone; the last call received and answered by Mr. Jackson, at 7:52 p.m., was from a

number belonging to Appellant. *Id.* at 372-74, 391. Security footage from the corner store showed Mr. Jackson meeting with Appellant and Mr. Holloway, and walking off together. *Id.* at 396-99.

The day after the murder, Appellant told his godsister, Timothea Anders, that he and Mr. Holloway shot Mr. Jackson. *Id.* at 435-36. Appellant claimed that it was an accident, specifically, that Mr. Jackson had grabbed Mr. Holloway and Mr. Holloway shot him. *Id.* at 436. On March 9, 2013, Ms. Anders gave a statement to the police implicating Appellant and Mr. Holloway. *Id.* at 437-39..

In June 2014, a jury convicted Appellant of the above charges. Appellant filed a post-sentence motion, which the court denied. Appellant timely appealed, but his appeal was dismissed for failure to file a brief. *See* Order, 5/27/15, at 1985 MDA 2014. Appellant filed a petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and his direct appeal rights were reinstated *nunc pro tunc*.

Appellant timely appealed, and the court issued an order directing compliance with Pa.R.A.P. 1925(b). Counsel filed a statement of intent to file an *Anders/McClendon* brief. The court did not issue an opinion.

On February 22, 2017, appellate counsel filed in this Court an *Anders* brief and application to withdraw as counsel. The brief sets forth the sole issue Appellant seeks to raise on appeal:

> Did the [c]ourt err by allowing a magistrate judge initial in place of a signature on Appellant's criminal complaint?

- 3 -

Anders Brief at 6 (unnecessary capitalization omitted).

When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of

*Anders* and *Santiago*, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Shreve's *Anders* brief does not comply with the above-stated requirements. The brief avers that Attorney Shreve supplied Appellant with a copy of his *Anders* brief and a letter explaining the rights enumerated in *Nischan*.[2] Although the brief includes a summary of the relevant procedural history, it does not include a factual summary, nor does it refer to the portions of the record that could arguably support Appellant's claim.[3] The sole issue Attorney Shreve sets forth states that a magisterial district judge may use a facsimile signature in lieu of an original signature. *See* Anders Brief at 9.

In his brief, Attorney Shreve does not conclude that this issue is frivolous. *Id.*; *see also Santiago*, 978 A.2d at 361. Nor does he explain why, if the issue was not frivolous, Appellant seeks to raise it. *See* Anders Brief at 9. Attorney Shreve's application to withdraw as counsel does explain the reasons Appellant's issue is frivolous, but similarly does not cite

---

[2] Appellant has not filed a response to counsel's *Anders* brief.
[3] The brief also repeatedly refers to Appellant as "she," while Appellant is male, giving rise to concerns that Attorney Shreve has not adequately reviewed the record or spoken with Appellant.

to the record to support this claim.  ***See*** Application to Withdraw, 2/22/17, at 1-3.

Thus, we remand for preparation of a proper advocate brief addressing any meritorious issues counsel may discover or, if in counsel's assessment the appeal remains frivolous, an ***Anders*** compliant brief accompanied by a petition to withdraw.  The amended brief shall be submitted within forty-five days.

In light of our disposition of counsel's brief, we deny Appellant's applications for relief without prejudice, as he is still represented by counsel. Pennsylvania courts do not permit hybrid representation on appeal.  ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1139 (Pa. 1993).  In the event that counsel files another ***Anders*** brief, Appellant is free to respond.  ***See Orellana***, 86 A.3d at 879-80.

Appellant's applications for relief and for extension of time are denied without prejudice.  Case remanded.  Jurisdiction retained.